UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| WILLIE E. BOYD, <br> a/k/a/ WILLIE EDWARD BOYD,[1] <br><br> Petitioner, <br><br> v. <br><br> FRANCISCO QUINTANA, Warden, <br><br> Respondent. | ) ) ) ) ) ) ) ) ) ) ) ) )  Civil Action No. 5: 16-211-DCR <br><br><br> **MEMORANDUM OPINION AND ORDER** |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Inmate/Petitioner Willie E. Boyd, a/k/a/ Willie Edward Boyd, is confined at the Federal Medical Center-Lexington, in Lexington, Kentucky. Proceeding without counsel, Boyd has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1], in which he challenges his 276-month federal sentence. For the reasons outlined below, Boyd's petition will be denied.

**I.**

On August 7, 1997, Boyd was charged in a four-count indictment with possessing with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c), being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and false representation of a Social Security number in violation of 42 U.S.C. § 408(a)(7). *See United*

---

[1] The BOP identifies Boyd, BOP Register No. 18498-044, as "Willie Edward Boyd." *See* https://www.bop.gov/inmateloc/ (last visited on August 17, 2016). Accordingly, the Clerk of the Court will be instructed to list "Willie Edward Boyd" as an alias designation for Boyd on the CM/ECF cover sheet.

*States v. Willie E. Boyd*, No. 4:97-CR-301 (E.D. Mo. 1996). [Record No. 1, therein] Subsequently, a superseding indictment was returned against Boyd with additional charges concerning reports on domestic coins and currency transactions in violation of 31 U.S.C. §§ 5313, 5324, and criminal forfeiture in violation of 18 U.S.C. § 982(a)(1). [*Id*., at Record No. 38 therein] Boyd waived his right to a jury and elected to proceed with a bench trial. On April 16, 1998, Boyd was found guilty of nine of the ten counts of the superseding indictment. Boyd received a 276-month sentence of imprisonment which included an enhancement for the firearm charge under the Armed Career Criminal Act ("ACCA") 18 U.S.C.A. § 924(e).[2] [*Id*., at Record No. 111 therein] The United States Court of Appeals for the Eighth Circuit affirmed Boyd's conviction and sentence. *United States v. Boyd*, 180 F.3d 967 (8th Cir. 1999).

In June 2000, Boyd filed a motion to vacate his sentence under 28 U.S.C. § 2255. *Willie E. Boyd v. United States*, No. 4:00-cv-985 (E.D. Mo. 2000). The district court denied Boyd's § 2255 motion and declined reconsideration. [*Id*., at Record Nos. 15, 24 therein] Boyd appealed, but the Eighth Circuit denied his motion for a Certificate of Appealability. [*Id*., at Record No. 28 therein] Since then, Boyd has filed numerous habeas petitions and other motions challenging his Missouri federal conviction and sentences,[3] one being the §

---

[2] Generally, the ACCA increases sentences for certain offenders who have three prior convictions for violent felonies or serious drug offenses. *See* 18 U.S.C.A. § 924(e)(1).

[3] *See, e.g., Boyd v. Walton*, No. 13-CV-651-CJP, 2014 WL 128341, at *1 (S.D. Ill. Jan. 14, 2014), *aff'd*, *Boyd v. Walton*, No. 14-1726 (7th Cir. July 10, 2014) (listing Boyd's prior collateral attacks on his federal sentence and barring future filings in the courts of the Seventh Circuit unless Boyd paid the $5,000 fine assessed against him as a sanction for his abusive, repetitive, and vexatious filing tactics).

2241 petition which Boyd filed with this Court in January 2015. *See Willie E. Boyd v. Francisco Quintana*, Civil Action No. 5: 15-4-DCR (E. D. Ky. 2015) (the "2015 Habeas Petition). In his 2015 Habeas Petition, Boyd claimed that, because he did not have the requisite number of prior "violent felony" convictions to warrant an enhanced sentence under the ACCA, the district court in Missouri imposed an excessive sentence. Boyd argued that he was actually innocent of being an armed career criminal, because his 1967 conviction in Missouri for armed robbery did not qualify as a predicate offense for enhancement under the ACCA based on the fact that his civil rights had been restored by an act of dispensation by the state of Missouri after his release from incarceration. Boyd argued that the Supreme Court's decision in *Logan v. United States*, 552 U.S. 23 (2007), retroactively rendered his sentence unconstitutional, and that the Supreme Court's remand opinion in *Persaud v. United States*, 134 S. Ct. 1023 (2014), supported his claims.

On September 22, 2015, the Court denied the 2015 Habeas Petition, finding that *Logan* did not apply retroactively and that *Persaud* did not assist Boyd because the case was pending on remand at that time. [Record No. 17; 18, therein] Boyd appealed, but the Sixth Circuit affirmed the denial of the 2015 Habeas Petition. [*Id.*, Record No. 22, therein; *Willie E. Boyd v. Francisco J. Quintana*, No. 15-6123 (6th Cir. May 10, 2016)]

**II.**

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court should grant the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254

Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Because Boyd is not represented by an attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007). At this stage of the proceedings, Boyd's factual allegations are accepted as true and the Court liberally construes his legal claims in his favor.

In his current § 2241 petition, Boyd again challenges the Missouri district court's determination that he is an armed career criminal, and the resulting enhancement of his sentence under the ACCA, based in part on his 1967 conviction in Missouri for armed robbery. This time, however, Boyd challenges the enhancement from a different perspective. He now contends that two Supreme Court cases: *Johnson v. United States*, 559 U.S. 133, 130 S.Ct. 1265 (2010), and *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276, 186 L.Ed.2d 438 (2013), apply retroactively and entitle him to relief from his 276-month sentence.[4] As explained below, Boyd is incorrect regarding the application of these cases to his conviction and sentence.

### III.

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (i.e., the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d

---

[4] The BOP currently projects Boyd's release date (from federal custody) to be May 8, 2019. *See* https://www.bop.gov/inmateloc/ (last visited on August 17, 2016).

458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The Sixth Circuit has provided the following explanation of the difference between the two statutes:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted). In short, 28 U.S.C. § 2255 as opposed to § 2241 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

The "savings clause" of § 2255(e) provides a narrow exception to this general rule. Under this clause, a prisoner may to challenge the legality of his conviction through a § 2241 petition if the remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e). This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756.

Here, Boyd is not challenging the execution of his sentence. Instead, he contends that the district court improperly used his 1967 conviction in Missouri for armed robbery to enhance his current federal sentence. In short, Boyd is challenging the constitutionality of his current federal sentence on Fifth and/or Sixth Amendment grounds under § 2241 *via* the

"savings clause" of § 2255(e).  It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective."  *Charles*, 180 F.3d at 756.

Alternatively, a prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence."  *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003).  However, a petitioner may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case."  *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003).  Boyd claims that the Supreme Court's decisions in *Johnson* and *Descamps* apply retroactively to cases on collateral review, such as his § 2241 petition.

In *Johnson*, the defendant was sentenced under the ACCA, which authorizes an enhanced penalty for individuals who violate 18 U.S.C. § 922(g) and have three previous convictions for violent felonies.  One of the three prior convictions the United States relied upon to support an enhanced sentence was Johnson's 2003 Florida conviction for simply battery, which ordinarily is a first-degree misdemeanor. However, because Johnson had a prior conviction for battery in Florida, the 2003 battery conviction was considered a felony conviction.  The Eleventh Circuit affirmed the imposition of Johnson's enhanced sentence. The Supreme Court granted *certiorari* and reversed the decision of the Eleventh Circuit, holding that the Florida felony offense of battery "does not have 'as an element the use . . . of physical force against the person of another,' § 924(e)(2)(B)(I), and thus does not constitute a 'violent felony' under § 924(e)(1)."  *Johnson*, 559 U.S. at 133.  Thus, in Florida, simple

battery is not a "violent felony" that would qualify as a predicate conviction for purposes of an enhanced sentence under the ACCA.

Later, in *Descamps*, the Supreme Court examined whether a state-law burglary conviction was a "violent felony" within the meaning of the ACCA. *Descamps*, 133 S.Ct. at 2282. The Court held that when determining whether a prior conviction qualifies as a predicate offense under the ACCA, a sentencing court may not apply the "modified categorical approach" when the crime of which the defendant was convicted has a single, indivisible set of elements. *Id.* at 2282–83 (describing the differences between the "categorical approach" and the "modified categorical approach"). The Court clarified that a sentencing court "may use the modified approach only to determine which alternative element in a divisible statute formed the basis of the defendant's conviction." 133 S.Ct. at 2293.

In view of *Johnson* and *Descamps*, Boyd contends that the district court should not have classified him as a career criminal because the Missouri statute under which he was convicted in 1967 does not contain the element of the "use of physical force against the person of another" and, therefore, cannot be used as a predicate offense to enhance his sentence under the ACCA. Boyd claims that because both cases were rendered after his Missouri federal conviction became final and after the district court denied his § 2255 motion, he is entitled to proceed with his claims under § 2241 because his remedy under § 2255 is an inadequate and ineffective means of challenging his sentence.

Boyd's argument ignores the fact that a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive. *Tyler v. Cain*, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001). This Court has previously noted that the Supreme Court has not indicated that its 2010 decision in *Johnson* applied retroactively to cases on collateral review. *See Wheeler v. Holland*, No. 6:14-CV-234-GFVT, 2015 WL 2097784, at *4 (E. D. Ky. May 5, 2015). Other courts have reached the same conclusion as to the non-retroactivity of *Johnson*. *See*, *e.g.*, *In re Jackson*, 776 F.3d 292, 296 (5th Cir. 2015) ("In *Johnson* . . . the Supreme Court held that the term 'physical force' in the ACCA meant "violent force . . . capable of causing physical pain or injury to another person." (citation omitted) The Court in *Johnson* did not state that its holding was a new rule with constitutional underpinnings or that it was retroactively applicable on collateral review, and we have found no Supreme Court precedent declaring that it is applicable to cases on collateral review."); *Harris v. Warden, FCC Coleman Medium*, No. 5:14-CV-173-OC-29PRL, 2015 WL 9460076, at *4 (M.D. Fla. Dec. 28, 2015).

Likewise, this Court and other courts have consistently determined that the *Descamps* decision contains no language indicating that the Supreme Court intended for its ruling to be applied retroactively to cases on collateral review. *See In re Jackson,* 776 F.3d at 296; *Farkas v. Holland*, No. 6:14-CV-150-DLB, 2014 WL 6065856, at *4 (E.D. Ky. Nov. 12, 2014) (finding that *Descamps* does not apply retroactively to cases on collateral review, under either 28 U.S.C. § 2241 or § 2255); *United States v. Patrick*, No. 6:06-CR-34-DCR, No. 6:14-CV-7357-DCR, 2014 WL 2991857, at *2 (E.D. Ky. July 2, 2014) (finding that the

holding in *Descamps* has no retroactive effect); *Wilson v. Holland*, No. 6:13-CV-164-DCR, 2014 WL 517531 at *3 (E.D. Ky. Feb. 10, 2014) (*Descamps* has not been made retroactive to cases on collateral review); *Hoskins v. Coakley*, No. 4:13-CV-1632, 2014 WL 245095, at *5 (N.D. Ohio Jan. 22, 2014) (*Descamps* does not apply retroactively); *Jenkins v. United States*, No. 1:08-CR-209-CC-JSA-1, 2014 WL 2918677, at *3 (N.D. Ga. June 26, 2014) (*Descamps* does not apply retroactively and is not grounds for invoking § 2255(f)(3)); *Roscoe v. United States*, Nos. 2:11-CR-37-JHH–RRA, 2:13-CV-8006-JHH, 2013 WL 5636686, at * 11 (N.D. Ala. Oct. 16, 2013) ("The Supreme Court has not declared its decision in *Descamps* to be retroactively available on collateral review, nor has the court found any cases applying *Descamps* retroactively to cases on collateral review. Therefore, the court refuses to do so here."). Based on this authority, the Court concludes that *Descamps* has no retroactive effect and does not support Boyd's collateral challenge to his enhanced federal sentence.

Finally, as the Sixth Circuit explained in its recent order affirming the denial of the 2015 Habeas Petition, "The savings clause of section 2255(e) does not apply to sentencing claims." *Boyd v. Quintana*, Civil Action No. 5: 15-04-DCR [Record No. 22, p. 2, therein] Here, Boyd does not allege that he is actually innocent of the underlying drug, firearm, and Social Security misrepresentation offenses of which he was convicted; he challenges only the length of his prison sentence. Boyd thus does not allege that he "stands convicted of 'an act that the law does not make criminal.'" *Carter v. Coakley*, No. 4:13-CV-1270, 2013 WL 3365139 (N.D. Ohio July 3, 2013) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

The Sixth Circuit has never extended to savings clause to a § 2241 petitioner who seeks to challenge the enhancement of his or her sentence. In fact, the Sixth Circuit has repeatedly held that claims alleging actual innocence of a sentencing enhancement cannot be raised under § 2241. *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *see also Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013) ("The savings clause under § 2255(e) does not apply to sentencing claims."); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) (same); *Contreras v. Holland*, 487 F. App'x 287, 288 (6th Cir. 2012) (a prisoner's challenge to his sentencing enhancement under §§ 841 and 846 is not cognizable under § 2241); *Anderson v. Hogsten*, 487 F. App'x 283, 284 (6th Cir. 2012) (same); *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) ("[C]laims of sentencing error may not serve as the basis for an actual innocence claim.").

## IV.

Boyd does not assert a cognizable actual innocence claim because he cites no new rule of law made retroactive by a Supreme Court case, and because the savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their convictions, not their sentences. Accordingly, it is hereby

**ORDERED** as follows:

(1) The Clerk of the Court shall list "Willie Edward Boyd" as an alias designation for Petitioner Willie E. Boyd on the CM/ECF cover sheet.

(2) Boyd's petition filed pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

(3) This proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This 22nd day of August 2016.

**Signed By:**
***Danny C. Reeves*** DCR
**United States District Judge**