UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| WILLIE E. BOYD,<br>a/k/a WILLIE EDWARD BOYD,<br><br>    Petitioner,<br><br>v.<br><br>FRANCISCO QUINTANTA, Warden,<br><br>    Respondent. | Civil Action No. 5: 16-211-DCR<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Inmate Willie E. Boyd is confined at the Federal Medical Center-Lexington, in Lexington, Kentucky. Boyd has filed a motion under Rule 59(e) of the Federal Rules of Civil Procedure asking the Court to alter or amend its August 22, 2016, Memorandum Opinion and Order ("Memo Opinion") [Record No. 6] which denied his petition under 28 U.S.C. § 2241.[1] [Record No. 8] Boyd has also filed a supplemental motion, in which he cites a newly published case and asks the Court to order the Respondent to "show cause" why he is not entitled to the relief from his sentence. [Record No. 9]

For the reasons outlined below, the Court will deny Boyd's motions.

**I.**

A judgment can be set aside or amended for one of four reasons under Rule 59(e): (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to

---

[1] Boyd was convicted in April 1998 of drug, firearm, currency, and other federal offenses. He was sentenced to a 276-month term of imprisonment. *See United States v. Willie E. Boyd*, No. 4: 97-CR-301 (E.D. Mo. 1998). In this petition, Boyd challenges the enhancement of his sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) based, in part, on his 1967 conviction in Missouri for armed robbery.

-1-

accommodate an intervening change in controlling law; or (4) to otherwise prevent manifest injustice. *ACLU of Ky. v. McCreary County, Ky*., 607 F.3d 439, 450 (6th Cir. 2010*); Gen Corp, Inc., v. American Intern. Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999); *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). Boyd alleges in his original motion that the Court improperly dismissed his §2241 petition and failed to follow the proper guidelines for determining whether his remedy in the Missouri sentencing court was inadequate or ineffective to challenge his detention. Additionally, he asserts that his 276-month sentence exceeded the statutory maximum. As explained below, all of Boyd's arguments fail.

## II.

The Court did not erroneously apply the law applicable to § 2241 habeas petitions when it denied Boyd's petition. A prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). However, a petitioner may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). In his § 2241 petition, Boyd argued that two Supreme Court cases, *Johnson v. United States*, 559 U.S. 133, 130 S.Ct. 1265 (2010),[2] and *Descamps v. United States*, ___ U.S. ___, 133 S.

---

[2] Boyd cites "*Johnson v. United States*," a 2010 decision of the Supreme Court. That case must be distinguished from a subsequent case of the same name decided in 21015: *Johnson v. United States*, ___ U.S. ___135 S. Ct. 2551 (2015). Both cases involve an aspect of enhanced sentencing under the ACCA, but in very different ways. The 2010 *Johnson* decision upon which Boyd relies in this proceeding held that a conviction under the Florida battery statute was subject to a "modified categorical approach" in determining whether the predicate conviction qualifies as a penalty enhancement under the ACCA. The Court's

Ct. 2276, 186 L.Ed.2d 438 (2013), apply retroactively and entitle him to relief from his 276-month sentence. In the earlier Memo Opinion, the Court concluded that neither *Johnson* nor *Descamps* applied retroactively to cases on collateral review and, as a result, Boyd was not entitled to relief from his ACCA-enhanced sentence under § 2241. [Record No. 6, pp. 8-9]

As an initial matter, in United *States v. Davis*, 751 F.3d 769, 775 (6th Cir. 2014), the Sixth Circuit recognized that *Descamps* did not announce a new rule, but simply reaffirmed the approach regarding mandatory minimum sentences under the United States Sentencing Guidelines ("USSG") set forth in *Taylor v. United States*, 495 U.S. 575 (1990), and *Shepard v. United States*, 544 U.S. 13 (2005). And as further explained in the Court's earlier Memo Opinion, a new rule is "made retroactive to cases on collateral review" *only* if the Supreme Court holds it to be retroactive. *Tyler v. Cain*, 533 U.S. 656, 662 (2001). [Record No. 6]

The Supreme Court has not held *Descamps* to be retroactively applicable to cases on collateral review. Other courts have properly refused to give the *Descamps* decision retroactive effect because it did not announce a new rule and because the Supreme Court has not held it to be retroactive. *See*, *e.g.*, *Smith v. United States*, Nos. 3: 05-CR-74-TAV-HBG-1, 3: 15-CV-70-TAV, 2016 WL 3349298, at *3 (E.D. Tenn. June 15, 2016) (finding *Descamps* did not involve a newly recognized right); *United States v. Montes*, 570 F. App'x 830, 831 (10th Cir. 2014) ("We agree with the district court, however, that the *Descamps* decision did not recognize a new right. . . . The *Descamps* opinion simply

---

2015 *Johnson* decision concluded that the "residual clause" of the ACCA was unconstitutionally vague.

applied existing doctrine. Numerous courts have reached the same conclusion." (citations omitted)); *Groves v. United States*, 755 F.3d 588, 593 (7th Cir.) (stating in dicta that, "[t]o date, the Supreme Court has not made *Descamps* retroactive on collateral review"), *cert. denied*, 135 S. Ct. 501 (2014); *Berry v. United States*, No. 05-20048, 2014 WL 4854844, at *15 (E.D. Mich. Sept. 30, 2014) (the decision in *Descamps* does not state a new rule and is not retroactive) (report and recommendation adopted by district court).

In his supplemental Rule 59(e) motion seeking a "show cause" order, Boyd contends that, in *Hill v. Masters*, 863 F.3d 591 (6th Cir. 2016), the Sixth Circuit held that *Descamps* applies retroactively. In *Hill*, the petitioner filed a § 2241 petition claiming that his sentence had been improperly enhanced under the United States Sentencing Guidelines ("USSG"). The district court denied Hill's § 2241 petition. On appeal, the Sixth Circuit reversed and remanded the matter to the district court. However, the Sixth Circuit did not independently determine that *Descamps* applied retroactively. Its decision rested on the fact the government *conceded* that in the specific context of the case, *Descamps* applied retroactively. Therefore, the Sixth Circuit was not required to determine independently whether *Descamps* applies retroactively to cases on collateral review.

In the appeal of a previous 2014 habeas proceeding filed in this Court, the Sixth Circuit stated that *Descamps* does not apply retroactively to cases on collateral review. In that case, federal prisoner Joseph Zemba argued that, in light of *Descamps*, his prior convictions for burglary and aggravated assault were no longer qualifying crimes for sentence enhancement purposes under the ACCA, and that he was entitled to relief from his sentence under § 2241 based on the alleged retroactivity of *Descamps*. *See Zemba v.*

-4-

*Farley*, No. 7:14-CV-59-ART (E. D. Ky. 2014). In August 2014, the district court denied Zemba's petition on the basis that actual innocence claims premised on alleged sentencing errors cannot be asserted in a § 2241 proceeding. [*Id*., Record No. 6, therein] The Sixth Circuit affirmed the denial of Zemba's petition, and (absent concession from government) specifically rejected his reliance on *Descamps*, stating, "the Supreme Court has not held that *Descamps* is retroactive. *See In re Rhine*, 590 F. App'x 422, 423 (5th Cir. 2015) (per curiam); *Groves v. United States*, 755 F.3d 588, 593 (7th Cir.), *cert. denied*, 135 S. Ct. 501 (2014)." [*Id*., Record No. 10, therein; *see Joseph D. Zemba v. Robert L. Farley*, *Warden*, No. 14-6110 (6th Cir. May 29, 2015)]

Further, *Hill* is factually distinguishable. Hill was sentenced under the then-mandatory 2001 sentencing guidelines. *See Hill*, 836 F.3d 593. Boyd, however, was sentenced under the ACCA. Boyd also ignores the fact that in *Hill*, the Sixth Circuit expressly limited the scope of its holding to federal prisoners who were sentenced under the then-mandatory sentencing guidelines.

> In authorizing a petition under § 2241, **we reiterate that our decision addresses only a narrow subset of § 2241 petitions: (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement**.

*Hill*, 863 F.3d at 599-600 (emphasis added).

The Court reiterates that *Descamps* does not provide Boyd with a means of collaterally challenging his 276-month sentence because it does not apply retroactively to cases on collateral review. For these reasons, the Court will also deny Boyd's

supplemental motion [Record No. 9] seeking an order directing the Respondent to show cause why he is not entitled to relief from his sentence.

Boyd also argued in his § 2241 petition that the 2010 *Johnson* decision applied retroactively to him and provided a basis for relief from his sentence which, he claims, exceeded the maximum term allowed by the statute of conviction. *Johnson* held that a battery conviction under Florida law was not a "violent felony" for purposes of the ACCA enhancement because the "intentional touching" element did not require the type of physical force contemplated by the ACCA. *Johnson*, 130 S.Ct. at 1270. The Court explicitly limited its holding, stating that it was interpreting the term "physical force" in the context of the statutory definition of "violent felony" pursuant to § 924(e). *Id.* at 1273.

As explained in the Court's earlier Memo Opinion, the 2010 *Johnson* decision does not apply retroactively to cases on collateral review. Therefore, it is inapplicable in this § 2241 proceeding. [Record No. 6, p. 8] Boyd challenges that determination in his Rule 59(e) motion, pointing to the fact that, in *Morris v. United States*, 516 F. App'x 882, 884 (11th Cir. 2014), the United States Court of Appeals for the Eleventh Circuit Court vacated the denial of a § 2241 petition and remanded the case for a determination regarding whether Morris had been properly sentenced under the ACCA. The court's remand followed the government's concession that the 2010 *Johnson* decision applied retroactively. *Id.*, at 883. However, the Eleventh Circuit's decision is not binding in this circuit. And as previously noted, a case does not apply retroactively unless and until the Supreme Court so states. *Tyler*, 533 U.S. at 663-64 (noting that the Supreme Court is the only court that can make a new rule retroactive by so holding, and that neither decisions of

lower courts nor dicta of Supreme Court decisions make a case retroactive to cases on collateral review).

Moreover, whether the 2010 *Johnson* applies retroactively to cases on collateral review remains a matter of debate among the federal appellate courts. As explained in the Court's Memo Opinion, the United States Court of Appeals for the Fifth Circuit concluded in 2015 that the 2010 Johnson decision does not apply retroactively to cases on collateral review. *See In re Jackson*, 776 F.3d 292 (5th Cir. 2015). [Record No. 6, p. 8][3] Thus, although the Fifth Circuit could have followed the Eleventh Circuit's 2013 decision in *Morris* regarding whether the 2010 *Johnson* decision should be applied retroactively, it properly declined to do so.

More recently, in *Graham v. Rathman*, No. 1:14-CV-RDP-TMP, 2016 WL 1726105 (N.D. Ala. April 6, 2016), a federal prisoner in Alabama filed a § 2241 petition raising the same claims which Boyd asserts in this proceeding (*i.e.*, whether the 2010 *Johnson* case and *Descamps* provide grounds for relief from his ACCA-enhanced sentence). The district court ultimately denied relief, stating that "[n]either *Descamps* nor *Johnson* (2010) creates a new rule of constitutional law. Both are merely applications of earlier case law defining the manner in which state convictions are analyzed for purposes of use as prior convictions for enhancement of § 922(g) sentences under the ACCA." *Id*., at *5. The court added that

---

[3] The Fifth Circuit stated:

> The Court in *Johnson* did not state that its holding was a new rule with constitutional underpinnings or that it was retroactively applicable on collateral review, and we have found no Supreme Court precedent declaring that it is applicable to cases on collateral review. *Johnson* thus does not provide a basis for Jackson's successive § 2255 motion.

*Jackson*, 776 F.3d at 296.

"[n]othing in *Descamps* now opens the § 2255(e) portal to allow these claims under § 2241." [*Id.*] Given these authorities, the Court declines to alter or amend its conclusion that neither *Descamps* nor *Johnson* (2010) provide a basis for relief from Boyd's 276-month sentence.

### III.

Additionally, Boyd's Rule 59(e) motion will be denied because he does not identify newly discovered evidence or an intervening change in the controlling law. Likewise, the denial of Boyd's motion does not result in manifest injustice because, as discussed in the Court's earlier Memo Opinion, Boyd has filed a number of post-conviction motions and § 2241 petitions seeking relief from his sentence.[4]

Again, *Descamps* was decided in 2013 and *Johnson* was decided in 2010. Boyd has had sufficient time to seek permission from the United States Court of Appeals for the Eighth Circuit to file a successive § 2255 motion based on the argument that his 276-month sentence exceeded the statutory maximum as a result of the two cases. PACER reveals that the Eighth Circuit has denied all of Boyd's requests for permission to file successive §

---

[4] Boyd's extensive collateral efforts--under 28 U.S.C. §2255 and 28 U.S.C. § 2241-- to challenge his federal sentence based on the restoration of his civil rights in connection with his 1967 Missouri armed robbery conviction are discussed in three decisions from the United States District Court for the Southern District of Illinois. In all three § 2241 proceedings, the district court denied Boyd's habeas petitions and noted his unrelenting and unsuccessful collateral attempts to obtain relief. *See Boyd v. Walton,* No. 13-CV-651-CJP, 2014 WL 128341, at *1 (S.D. Ill. Jan. 14, 2014); *Boyd v. Cross*, No. 12-CV-733-DWG, 2013 WL 5291776, at *2 (S.D. Ill. Sept. 19, 2013) (observing that "in at least five petitions pursuant to 28 U.S.C. § 2241 and in various motions in his underlying criminal case," Boyd had argued that the sentencing court should not have used his 1967 armed robbery conviction to enhance his federal sentence because his rights had been restored under a state statute,); *Boyd v. Cross*, No. 10-CV-719-DRH, 2011 WL 338744, at *1 (S.D. Ill. Jan. 31, 2011) (summarizing Boyd's previous sentencing challenges premised on the restoration of his rights).

2255 motions. In several cases, it summarily affirmed the Missouri district court's orders denying Boyd's motions seeking post-judgment relief from his sentence. In fact, as discussed in the in the Memo Opinion, one appellate court sanctioned Boyd because he continued to file frivolous and abusive motions seeking post-judgment relief. *See* Record No. 6, p. 2, n.3.

Finally, Boyd's claims are properly analogized to another habeas proceeding wherein this Court denied relief under § 2241 and, on appeal, was affirmed by the Sixth Circuit. In 2004, Maurice Pernell McKinney was convicted in a Florida federal court of federal drug and related firearm offenses, and based on his three prior convictions (two for burglary of a structure and one for robbery ACCA-enhanced), the district court enhanced McKinney's sentence under the ACCA. *United States v. Rollins*, No. 4:04-cr-00003-RH-CAS-2 (N.D. Fla. 2004).

In July 2015, McKinney filed a habeas petition under 28 U.S.C. § 2241, seeking relief from his 300-month sentence based on the 2015 *Johnson* decision. *McKinney v. Quintana*, No. 5:15-CV-218-DCR (E. D. Ky. 2015). McKinney claimed that, after *Johnson* (2015), he had been wrongly sentenced as an armed career criminal under the residual clause of ACCA, and that based upon the alleged misapplication of the ACCA provisions, he could assert his sentencing claims in a § 2241 proceeding, because he was actually innocent of the sentencing enhancement.

McKinney argued that because his prior burglary convictions were considered violent felonies under the residual clause of the ACCA, they no longer qualified as predicate offenses to support a sentence enhancement under § 924(e). Citing cases from

-9-

other circuits such as *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013), McKinney urged this Court to allow him to use the savings clause to pursue his 2015 *Johnson* claim in a § 2241 petition. In August 2015, the Court denied relief, finding that McKinney's sentencing claims did not fall within the reach of the savings clause of § 2255. [*Id.*, Record No. 3, therein]

On appeal, the Sixth Circuit affirmed, concluding that, because McKinney had not demonstrated either an applicable intervening change in the law or extraordinary circumstances showing that he was actually innocent of the criminal conduct giving rise to his convictions, he had failed to establish that his remedy under § 2255 is inadequate or ineffective. [*Id.*, Record No. 13, p. 4, therein] The Sixth Circuit further observed that it had never extended the savings clause to § 2241 petitioners who raise claims concerning their sentencing enhancements, citing *Saccoccia v. Farley*, 573 F. App'x 483, 485 (6th Cir. 2014), *cert. denied*, 135 S. Ct. 1000 (U.S. Jan. 12, 2015) (No. 14-7282). [*Id.*, pp. 3-4]

Again, although McKinney's claims were premised on the 2015 *Johnson* case, the same rationale in *McKinney* (i.e., that § 2241 is not a mechanism through which collateral sentencing challenges can be brought) properly applies to Boyd's claims premised on the 2010 *Johnson* case which, as discussed, also involved challenges to sentencing enhancements under the ACCA.

## IV.

For the reasons outlined above, it is hereby

**ORDERED** that Petitioner Willie E. Boyd's Rule 59(e) motion to alter or amend the Order and Judgment denying his 28 U. S.C. § 2241 petition [Record No. 8] and his motion for an order to show cause [Record No. 9] are **DENIED**.

This 15th day of November 2016.



Signed By:
*Danny C. Reeves* DCR
United States District Judge